IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

DENNIS RILEY,                          *

    Plaintiff,                     *

vs.                                    *          CASE NO. 4:08-CV-62 (CDL)

THE HARRIS COUNTY SHERIFF'S            *
DEPARTMENT and RYAN WILLIAMSON,
                                       *
    Defendants.                    *
                                       *

O R D E R

    Presently pending before the Court are Defendants' Motion to Dismiss for lack of service (Doc. 13) and Defendants' Motion to Dismiss as a sanction for discovery abuses (Doc. 14).  As discussed more fully below, the Court denies Defendants' motions to dismiss at this time.  Plaintiff must perfect service on Defendants by **August 3, 2009** **_and_** provide proper responses to Defendants' written discovery requests by **August 3, 2009**.  If Plaintiff fails to complete <u>both</u> of these tasks by August 3, 2009, the Court will dismiss Plaintiff's Complaint with prejudice.

    Defendants also move to dismiss Plaintiff's claims against the Harris County Sheriff's Department.  The Court grants the motion to dismiss these claims because the sheriff's department is not a legal entity subject to suit.  *See Lawal v. Fowler*, 196 F. App'x 765, 768 (11th Cir. 2006).

DISCUSSION

**I.   Motion to Dismiss for Failure to Effect Service of Process**

Plaintiff was required to serve Defendants with a Summons and the Complaint within 120 days of filing the Complaint. Fed. R. Civ. P. 4(m). Plaintiff filed his Complaint on May 19, 2008, and the Clerk of the Court issued a Summons for each Defendant on that date. Service was required by September 19, 2008. According to Defendants, Plaintiff has not yet effected proper service, and no return of service of the Complaint upon Defendants has been recorded in the Office of the Clerk.

Under Federal Rule of Civil Procedure 4(m), if a defendant is not timely served, a district court must either "dismiss the action without prejudice against that defendant or order that service be made within a specified time." Plaintiff did not respond to Defendant's Motion to Dismiss for lack of service, much less make a showing of good cause for his failure to serve Defendants with the Complaint and Summons. Nonetheless, the Court has discretion to extend the time for service of process even in the absence of good cause. *Lepone-Dempsey v. Carroll County Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007). The Court must consider whether any circumstances, such as running of the statute of limitations, warrant an extension of time for service. *Id.* at 1282 (holding that a court must take into account the running of the statute of limitations in deciding whether to extend the time for service of process but noting that a

2

court is not required to extend the time for service of process based on the running of the statute of limitations). Plaintiff appears to assert claims under 42 U.S.C. § 1983 and Georgia state law based on an incident that occurred on May 21, 2006. A two-year statute of limitations applies to these claims. *See Salas v. Pierce*, 297 F. App'x 874, 877 (11th Cir. 2008). Therefore, even a dismissal without prejudice may effectively bar Plaintiff's claims. Under the circumstances of this case, the Court finds that an extension of the time for service of process is warranted. Plaintiff shall perfect service on Defendants by **August 3, 2009**. Failure to effect proper service by that date will result in a dismissal of Plaintiff's claims.

## II.  Motion to Dismiss for Discovery Abuses

According to Defendants, Defendants served interrogatories and requests for production on Plaintiff in February of 2009. Defendants' counsel attempted in good faith to obtain responses to the discovery requests, but Plaintiff never provided any responses. Defendants therefore moved for dismissal with prejudice under Federal Rule of Civil Procedure 37. In the alternative, Defendants asked the Court to compel Plaintiff's responses to the written discovery requests. The Court declines at this time to dismiss this action with prejudice based on Plaintiff's failure to comply with his discovery obligations. However, the Court grants Defendants' motion to compel and orders that Plaintiff properly respond to Defendants'

3

interrogatories and requests for production.  Plaintiff shall respond to Defendants' interrogatories and requests for production no later than **August 3, 2009**.  Failure to provide proper responses to Defendants' discovery requests by that date will result in a dismissal of Plaintiff's claims with prejudice.

CONCLUSION

As discussed above, Defendants' motions to dismiss (Docs. 13 & 14) are denied at this time, except the Court grants Defendants' motion to dismiss Plaintiff's claims against the Harris County Sheriff's Department.  The Court will dismiss Plaintiff's Complaint if Plaintiff does not do both of the following tasks by **August 3, 2009**: (1) perfect service on Defendants <u>and</u> (2) provide proper responses to Defendants' written discovery requests.  If Plaintiff fails to complete <u>both</u> of these tasks by August 3, 2009, the Court will dismiss Plaintiff's Complaint with prejudice.

IT IS SO ORDERED, this 20th day of July, 2009.


S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE

4