```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                      COLUMBUS DIVISION

DENNIS RILEY,                     *

     Plaintiff,                   *

vs.                               *     CASE NO. 4:08-CV-62 (CDL)

THE HARRIS COUNTY SHERIFF'S       *
DEPARTMENT and RYAN WILLIAMSON,
                                  *
     Defendants.
                                  *
```

O R D E R

Presently pending before the Court are Defendant Ryan Williamson's Motion to Dismiss for lack of valid service (Doc. 24), Williamson's Motion for Leave to Take Depositions (Doc. 25), and Defendants' Motion for Attorneys' Fees and Expenses associated with Defendants' recent Motion to Compel (Doc. 23). Also before the Court is Plaintiff's request to take Williamson's deposition (Doc. 28). For the reasons set forth below, the Court denies the Motion to Dismiss but grants Williamson's Motion for Leave to Take Depositions and Defendants' Motion for Attorneys' Fees and Expenses. The Court denies Plaintiff's request to take Williamson's deposition.

DISCUSSION

**I. Motion to Dismiss for Failure to Effect Valid Service of Process**

Defendants previously filed a Motion to Dismiss based on Plaintiff's failure to serve the Complaint on Defendant Ryan Williamson. The Court exercised its discretion to extend the time for service of process and gave Plaintiff until August 3, 2009 to

effect valid service on Williamson. On July 27, 2009—within a week of the Court's order—Plaintiff attempted to serve Williamson, and he filed the Return of Service via the Court's electronic filing system on July 28, 2009. The Return of Service states that the process server left the Summons and Complaint at Williamson's "dwelling house or usual place of abode with a person of suitable age and discretion residing therein." (Return of Service, July 27, 2009.) The Return of Service further states that the process server left the Summons and Complaint with Denise Bunn. (*Id.*)

On August 5, 2009, Williamson filed the present Motion to Dismiss, asserting that Denise Bunn does not reside at Williamson's dwelling house or usual place of abode, so service was improper under Georgia law. Williamson argues that Plaintiff's Complaint should be dismissed due to Plaintiff's failure to effect valid service on Williamson by the Court's August 3, 2009 deadline. After receiving the Motion to Dismiss notifying him of the alleged defects in his attempted service of Williamson, Plaintiff made another attempt to serve Williamson with the Summons and Complaint. The process server found Williamson at La Pareja Mexican Restaurant in Waverly Hall and served him in person there on August 18, 2009. Plaintiff asserts that he had faulty address information when he originally tried to serve Williamson because Williamson's home address is protected by law and because Williamson declined to provide his home address to Plaintiff.

The Court concludes that under the circumstances of this case it is appropriate to grant an extension such that the August 18, 2009 personal service of Williamson is considered timely. *See Lepone-Dempsey v. Carroll County Comm'rs*, 476 F.3d 1277, 1281-82 (11th Cir. 2007) (noting that district court has discretion to extend time for service of process). After the Court granted the original extension for service, Plaintiff attempted to serve Williamson well before the Court's August 3 deadline. Less than two weeks after he received notice that the July 27 service may not be sufficient, Plaintiff was successful in achieving personal service on Williamson. From this, the Court concludes that Plaintiff was reasonably diligent in attempting to serve Williamson and that the August 18 personal service of Williamson should thus be considered timely. Accordingly, the Court denies the Motion to Dismiss.

## II.  **Williamson's Motion for Leave to Take Depositions**

Plaintiff did not provide Williamson with initial disclosures as required under Federal Rule of Civil Procedure 26(a)(1), and he did not respond to Williamson's discovery requests, including interrogatories, until the Court ordered him to do so in its July 20, 2009 Order. Plaintiff subsequently identified three potential witnesses in his interrogatory responses: David Thompson, Bill Pollard and Jeremy Wright. Williamson asks the Court for leave to depose these newly identified witnesses who were not disclosed by Plaintiff during the discovery period in this action. Plaintiff does

3

not object to the depositions. The Court grants Williamson leave to depose these three witnesses. The depositions shall be completed on or before September 14, 2009. The dispositive motions deadline remains September 17, 2009. The Court declines to award any fees or expenses related to Williamson's Motion for Leave to Take Depositions.

### III. Defendants' Motion for Attorney's Fees and Expenses

Defendants seek an award of expenses and attorney's fees incurred in bringing their recent Rule 37(a)(3)(B) motion to compel Plaintiff's discovery responses. Under Federal Rule of Civil Procedure 37(a)(5), the Court "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion" to pay the movant's reasonable expenses, including attorney's fees, incurred in making the motion to compel unless certain circumstances make an award of expenses unjust. Here, Plaintiff points to no circumstances that would make an award of expenses unjust. He simply notes that he answered Defendants' interrogatories by the Court's deadline as the Court ordered him to do when it granted Defendants' Motion to Compel. Defendants presented evidence that they incurred expenses and fees in the amount of $225.00 in making the motion to compel. The Court finds that this amount is reasonable and awards Defendants fees and expenses in the amount of $225.00.

4

**IV.  Plaintiff's Request to Take Williamson's Deposition**

Plaintiff requests leave to take Williamson's deposition. Plaintiff's request is denied.  Discovery in this action closed on May 19, 2009 and was extended to June 12, 2009 for the limited purpose of allowing Plaintiff to respond to Defendants' written discovery.  Plaintiff had ample opportunity to depose Williamson during the discovery period and did not do so.  No exceptional circumstances exist to justify granting Plaintiff's request for leave to depose Williamson, so the Court denies Plaintiff's request.

CONCLUSION

As discussed above, Williamson's Motion to Dismiss for lack of valid service (Doc. 24) is denied.  Williamson's Motion for Leave to Take Depositions (Doc. 25) is granted, and Defendants' Motion for Attorneys' Fees associated with Defendants' recent Motion to Compel (Doc. 23) is granted.  Plaintiff's request to depose Williamson (Doc. 28) is denied.

IT IS SO ORDERED, this 2nd day of September, 2009.

                              S/Clay D. Land
                                  CLAY D. LAND
                   UNITED STATES DISTRICT JUDGE